IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTONIO WILLIAMSON, | CASE NO.   5:21-CV-00565 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| SHERIFF KANDY FATHEREE, IN HER OFFICIAL CAPACITY AS SUMMIT COUNTY SHERIFF, ET AL., | **DEFENDANT SHERIFF KANDY FATHEREE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | **JURY DEMAND ENDORSED HEREON** |

Now comes Defendant, denominated by Plaintiff, Antonio Williamson ("Plaintiff") as Sheriff Kandy Fatheree, in her official capacity only as Summit County Sheriff ("Sheriff Fatheree"), and for her Answer to Plaintiff's First Amended Complaint states as follows:

1.  With regard to the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff was formerly employed by Summit County as a Lieutenant with the Summit County Sheriff's Office ("SCSO"), briefly worked in Internal Affairs and was terminated on April 19, 2018 for legitimate, non-discriminatory reasons.  Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2.  With regard to the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint, upon information and belief, Sheriff Fatheree admits that a complaint was filed with the Akron Police Department alleging that a Summit County Sheriff's deputy had forced the

complaining party to engage in a sexual act.  Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.      Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint and therefore denies the same.

4.      Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint and therefore denies the same.

5.      With regard to the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits upon information and belief that the SCSO, in compliance with the requirements and directive of the Ohio Attorney General, undertook a criminal investigation of Plaintiff's improper use of the Ohio Law Enforcement Gateway ("OHLEG").  All other allegations and inferences contained in Paragraph 5 of Plaintiff's First Amended Complaint are denied.

6.      With regard to the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint, upon information and belief, Sheriff Fatheree admits that the Summit County Prosecutor's Office sought and obtained a supplemental indictment against Plaintiff for his criminal misuse of OHLEG.  All other allegations and inferences contained in Paragraph 6 of Plaintiff's First Amended Complaint are denied.

7.       With regard to the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint, upon information and belief, Sheriff Fatheree admits that a pre-disciplinary conference was held on April 16, 2018, regarding Plaintiff's misconduct.  All other allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint are denied.

8.      Sheriff Fatheree denies the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.      With regard to the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff's employment with Summit County was terminated on April 19, 2018.  All other allegations and inferences contained in Paragraph 9 of Plaintiff's First Amended Complaint are denied.

10.      Sheriff Fatheree denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.      Insofar as the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint relate to criminal proceedings before the Summit County Court of Common Pleas, those proceedings as docketed and journalized by the Court speak for themselves.  All other allegations and inferences contained in Paragraph 11 of Plaintiff's First Amended Complaint are denied.

12.      Insofar as the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint relate to criminal proceedings before the Summit County Court of Common Pleas, those proceedings as docketed and journalized by the Court speak for themselves.  All other allegations and inferences contained in Paragraph 12 of Plaintiff's First Amended Complaint are denied.

13.      With regard to the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint referencing an order of dismissal in the criminal proceedings before the Summit County Court of Common Pleas, the order as docketed and journalized by the Court speak for itself. Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 13 of Plaintiff's First Amended Complaint.  Sheriff Fatheree affirmatively states that the Summit County Prosecutor's decision to dismiss pending criminal charges against Plaintiff in May of 2023,

in no way undermines the legitimate, non-discriminatory basis for Plaintiff's termination from his employment with the SCSO in 2018.

14.    With regard to the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff is seeking relief pursuant to the referenced laws but denies that Plaintiff can establish a viable claim pursuant to said laws and further denies that Plaintiff is entitled to the relief sought in this matter. All other allegations and inferences contained in Paragraph 14 of Plaintiff's First Amended Complaint are denied.

15.    With regard to the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits this Court has subject matter jurisdiction in this matter but denies that Plaintiff can state valid claims pursuant to the laws referenced. All other allegations and inferences contained in Paragraph 15 of Plaintiff's First Amended Complaint are denied.

16.    With regard to the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits this Court generally has supplemental jurisdiction over state law claims, but denies that Plaintiff has or can state valid claims pursuant to the state law referenced. All other allegations and inferences contained in Paragraph 16 of Plaintiff's First Amended Complaint are denied

17.    With regard to the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that venue is appropriate in this Court but denies that Plaintiff can state valid claims pursuant to the laws referenced. All other allegations and inferences contained in Paragraph 17 of Plaintiff's First Amended Complaint are denied.

18.    With regard to the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff was formerly employed by Summit

County as a Lieutenant.  Sheriff Fatheree further states affirmatively that Plaintiff's employment with Summit County was terminated on April 19, 2018, for legitimate, non-discriminatory reasons. Sheriff Fatheree is without information or knowledge regarding the remaining allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint and therefore denies the same.

19.    With regard to the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that she became the lawful Sheriff of Summit County on January 4, 2021, that she is a Caucasian female, that former Summit County Sheriff Steve Barry preceded her as Summit County Sheriff and that the SCSO is a duly authorized law enforcement agency.  All other allegations and inferences contained in Paragraph 19 of Plaintiff's First Amended Complaint are denied.

20.    With regard to the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that she is a person as defined under 42 U.S.C. §1983, states that Plaintiff's Amended Complaint does not assert a 42 U.S.C. § 1983 claim against her and denies that Plaintiff can establish a viable claim pursuant to 42 U.S.C. § 1983 herein.

21.    Sheriff Fatheree denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.    Upon information and belief, Sheriff Fatheree admits the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.    Upon information and belief, Sheriff Fatheree admits the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24.    Upon information and belief, Sheriff Fatheree admits the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.     Upon information and belief, Sheriff Fatheree admits the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.     With regard to the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Defendant Kline is a law enforcement officer employed by Summit County, resides in the Northern District of Ohio and is Caucasian.  Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.     With regard to the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that former Sheriff Steve Barry was the lawful Sheriff of Summit County through January 3, 2021, and that he is Caucasian.  Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.     With regard to the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Chris Rhoades was a law enforcement officer employed by Summit County, residing in the Northern District of Ohio, is Caucasian, and was Plaintiff's supervisor prior to Plaintiff being placed on leave.  Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.     With regard to the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that the referenced Defendants are persons within the meaning of 42 U.S.C. § 1983 and/or R.C. § 4112.02(A)(1) and that Plaintiff is purporting to sue them in their individual capacities, but denies that Plaintiff can establish viable claims under

the referenced statutes.  All other allegations and inferences contained in Paragraph 29 of Plaintiff's First Amended Complaint are denied.

30.     With regard to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff was hired by Summit County as a Summit County Deputy Sheriff on February 16, 1999.  All other allegations and inferences contained in Paragraph 30 of Plaintiff's First Amended Complaint are denied.

31.     With regard to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint, Sheriff Fatheree states that Plaintiff's performance evaluations speak for themselves.  All other allegations and inferences contained in Paragraph 31 of Plaintiff's First Amended Complaint are denied.

32.     Upon information and belief, Sheriff Fatheree admits the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and therefore denies the same.

34.     With regard to the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint, upon information and belief, Sheriff Fatheree admits that Defendant Kline was involved in a use of force incident in 2010.  All other allegations and inferences contained in Paragraph 34 of Plaintiff's First Amended Complaint are denied.

35.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint and therefore denies the same.

36.     Sheriff Fatheree is without information or knowledge with regard to the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint and therefore denies the same.

37.     Sheriff Fatheree is without information or knowledge with regard to the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint and therefore denies the same.

38.     With regard to the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits upon information and belief that Plaintiff was selected for promotion to the rank of Lieutenant by former Sheriff Barry effective January 21, 2015.  All other allegations and inferences contained in Paragraph 38 of Plaintiff's First Amended Complaint are denied.

39.     Sheriff Fatheree denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Sheriff Fatheree denies the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41.     Sheriff Fatheree denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.     Sheriff Fatheree denies the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.     Upon information and belief, Sheriff Fatheree admits the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44.     Sheriff Fatheree denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45.     Sheriff Fatheree denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.     Sheriff Fatheree denies the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.     Sheriff Fatheree denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     With regard to the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint, Sheriff Fatheree states that Judge Rowlands' referenced order was reversed, and denies the allegations and inferences contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49.     With regard to the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff was assigned to Internal Affairs effective November 30, 2016, and denies the remaining allegations and inferences contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint and therefore denies the same.

51.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint and therefore denies the same.

52.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint and therefore denies the same.

53.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and therefore denies the same.

54.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint and therefore denies the same.

55.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 55 of Plaintiff's First Amended Complaint and therefore denies the same.

56.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 56 of Plaintiff's First Amended Complaint and therefore denies the same.

57.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 57 of Plaintiff's First Amended Complaint and therefore denies the same.

58.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 58 of Plaintiff's First Amended Complaint and therefore denies the same.

59.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 59 of Plaintiff's First Amended Complaint and therefore denies the same.

60.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 60 of Plaintiff's First Amended Complaint and therefore denies the same.

61.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 61 of Plaintiff's First Amended Complaint and therefore denies the same.

62.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 62 of Plaintiff's First Amended Complaint and therefore denies the same.

63.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 63 of Plaintiff's First Amended Complaint and therefore denies the same.

64.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 64 of Plaintiff's First Amended Complaint and therefore denies the same.

65.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 65 of Plaintiff's First Amended Complaint and therefore denies the same.

66.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 66 of Plaintiff's First Amended Complaint and therefore denies the same.

67.     Sheriff Fatheree is without information or knowledge regarding the allegations and inferences contained in Paragraph 67 of Plaintiff's First Amended Complaint and therefore denies the same.

68.     Sheriff Fatheree denies the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69.     Sheriff Fatheree is without information and knowledge regarding the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint and therefore denies the same.

70.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint and therefore denies the same.

71.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint and therefore denies the same.

72.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint and therefore denies the same.

73.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint and therefore denies the same.

74.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint and therefore denies the same.

75.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint and therefore denies the same.

76.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint and therefore denies the same.

77.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint and therefore denies the same.

78.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint and therefore denies the same.

79.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint and therefore denies the same.

80.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint and therefore denies the same.

81.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint and therefore denies the same.

82.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint and therefore denies the same.

83.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint and therefore denies the same.

84.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint and therefore denies the same.

85.     Sheriff Fatheree denies the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.  Sheriff Fatheree states affirmatively that Plaintiff was indicted by the Grand Jury based upon the evidence gathered by Defendants McMillan and Forney.

86.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint and therefore denies the same.

87.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint and therefore denies the same.

88.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint and therefore denies the same.

89.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint and therefore denies the same.

90.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint and therefore denies the same.

91.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint and therefore denies the same.

92.     With regard to the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint, to the extent these allegations relate to or reference documents, said documents speak for themselves.  All other allegations and inferences contained in Paragraph 92 of Plaintiff's First Amended Complaint are denied.

93.     With regard to the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint, to the extent these allegations reference electronic data or evidence, such data or evidence speaks for itself.  All other allegations and inferences contained in Paragraph 93 of Plaintiff's First Amended Complaint are denied.

94.     With regard to the allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint to the extent these allegations relate to documents, the documents speak for themselves. All other allegations and inferences contained in Paragraph 94 of Plaintiff's First Amended Complaint are denied.

95.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint and therefore denies the same.

96.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint and therefore denies the same.

97.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint and therefore denies the same.

98.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint and therefore denies the same.

99.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 99 of Plaintiff's First Amended Complaint and therefore denies the same.

100.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint and therefore denies the same.

101.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint and therefore denies the same.

102.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 102 of Plaintiff's First Amended Complaint and therefore denies the same.

103.    With regard to the allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint, to the extent these allegations relate to social media postings, said postings speak for themselves.  Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 103 of Plaintiff's First Amended Complaint.

104.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint and therefore denies the same. Sheriff Fatheree states affirmatively that to the extent Plaintiff's allegations attempt to assert his character or propensity for truthfulness, such allegations are legally improper.

105.    Sheriff Fatheree denies the allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint.

106.    Sheriff Fatheree denies the allegations contained in Paragraph 106 of Plaintiff's First Amended Complaint.

107.    Sheriff Fatheree denies the allegations contained in Paragraph 107 of Plaintiff's First Amended Complaint.  Sheriff Fatheree states affirmatively that the Grand Jury returned an indictment against Plaintiff based on the evidence.

108.    Sheriff Fatheree denies the allegations contained in Paragraph 108 of Plaintiff's First Amended Complaint.

109.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 109 of Plaintiff's First Amended Complaint and therefore denies the same.

110.    Sheriff Fatheree denies the allegations contained in Paragraph 110 of Plaintiff's First Amended Complaint.

111.    Sheriff Fatheree denies the allegations contained in Paragraph 111 of Plaintiff's First Amended Complaint.

112.    Sheriff Fatheree denies the allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint.

113.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 113 of Plaintiff's First Amended Complaint and therefore denies the same.

114.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 114 of Plaintiff's First Amended Complaint and therefore denies the same.

115.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 115 of Plaintiff's First Amended Complaint and therefore denies the same.

116.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint and therefore denies the same.

117.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 117 of Plaintiff's First Amended Complaint and therefore denies the same.

118.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 118 of Plaintiff's First Amended Complaint and therefore denies the same.

119.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint and therefore denies the same.

120.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 120 of Plaintiff's First Amended Complaint and therefore denies the same.

121.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint and therefore denies the same.

122.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 122 of Plaintiff's First Amended Complaint and therefore denies the same.

123.    Sheriff Fatheree denies the allegations contained in Paragraph 123 of Plaintiff's First Amended Complaint.

124.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint and therefore denies the same.

125.    Sheriff Fatheree denies the allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint.

126.    With regard to the allegations contained in Paragraph 126 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff was charged, arrested and indicted for rape, sexual battery, gross sexual imposition and kidnapping on July 20, 2017, by the Summit County Grand Jury. A copy of the July 20, 2017, Indictment is attached as Exhibit A.  All other allegations and inferences contained in Paragraph 126 of Plaintiff's First Amended Complaint are denied.

127.    With regard to the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint, Sheriff Fatheree is without information or knowledge regarding whether the Plaintiff turned himself in and therefore denies the same. Sheriff Fatheree denies the remaining allegations and inferences contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 128 of Plaintiff's First Amended Complaint and therefore denies the same.

129.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint and therefore denies the same.

130.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 130 of Plaintiff's First Amended Complaint and therefore denies the same.

131.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 131 of Plaintiff's First Amended Complaint and therefore denies the same.

132.    With regard to the allegations contained in Paragraph 132 of Plaintiff's First Amended Complaint, to the extent the allegations relate to matters that are on the Summit County Common Pleas Court docket, those docket entries speak for themselves.  Sheriff Fatheree denies all other allegations and inferences contained in Paragraph 132 of Plaintiff's First Amended Complaint.

133.    Sheriff Fatheree denies the allegations contained in Paragraph 133 of Plaintiff's First Amended Complaint.

134.    Sheriff Fatheree denies the allegations contained in Paragraph 134 of Plaintiff's First Amended Complaint.

135.    With regard to the allegations contained in Paragraph 135 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that the Grand Jury issued a supplemental indictment of Plaintiff on January 2, 2018, and that the indictment speaks for itself. Attached as Exhibit B is a copy of the time-stamped supplemental indictment. All other allegations or inferences contained in Paragraph 135 of Plaintiff's First Amended Complaint are denied.

136.    With regard to the allegations contained in Paragraph 136 of Plaintiff's First Amended Complaint, Sheriff Fatheree states that the Ohio Attorney General promulgates rules and regulations regarding the use of the OHLEG system with which the SCSO is required to comply. To the extent the allegations in Paragraph 136 of Plaintiff's First Amended Complaint refer to

those rules and regulations, Sheriff Fatheree states that they speak for themselves. All other allegations and inferences contained in Paragraph 136 are denied.

137.    Sheriff Fatheree denies the allegations contained in Paragraph 137 of Plaintiff's First Amended Complaint.

138.    Sheriff Fatheree denies the allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint.

139.    With regard to the allegations contained in Paragraph 139 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that at the time of the SCSO's internal disciplinary investigation of Plaintiff, Plaintiff had been indicted for the crimes set forth in the Indictment dated 7/18/2017, filed on 7/20/2017, attached as Exhibit A and that Plaintiff had also been indicted on 10 counts of OHLEG criminal violations set forth in the Indictment dated 12/28/2017, filed on 1/2/2018 attached hereto as Exhibit B.  Upon information and belief, Sheriff Fatheree admits that Plaintiff refused to participate in his disciplinary investigation or pre-disciplinary conference pursuant to his Fifth Amendment right against self-incrimination and denies the remaining allegations and inferences contained in Paragraph 139 of Plaintiff's First Amended Complaint.

140.    With regard to the allegations contained in Paragraph 140 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that after proper notice a pre-disciplinary hearing was conducted regarding Plaintiff's misconduct and rule violations on April 16, 2018.  Sheriff Fatheree further states that like Plaintiff, a former Caucasian Sergeant in the SCSO was investigated internally for discipline related to OHLEG violations, was terminated, was referred to the Summit County Prosecutor for review, the Summit County Prosecutor made the decision to present charges to the Summit County Grand Jury against the Caucasian Sergeant and the former Sergeant was indicted. Attached as Exhibit C is the referenced indictment of the Caucasian

Sergeant dated 5/21/2018, filed on 5/24/2018.  Attached as Exhibit D is the referenced termination letter of the Caucasian Sergeant dated May 30, 2018. All other allegations and inferences contained in Paragraph 140 of Plaintiff's First Amended Complaint are denied.

141.    With regard to the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint, Sheriff Fatheree states upon information and belief that Plaintiff was represented at his April 16, 2018, disciplinary conference by his union representatives and his attorney, that Plaintiff chose to invoke his Fifth Amendment right against self-incrimination and that it was communicated to Plaintiff's attorney that Plaintiff could present his evidence through his representatives.  All other allegations or inferences contained in Paragraph 141 of Plaintiff's Amended Complaint are denied.

142.    With regard to the allegations contained in Paragraph 142 of Plaintiff's First Amended Complaint, Sheriff Fatheree states upon information and belief that Plaintiff was not terminated for his use of OHLEG during his initial training or for a single, isolates self-search of OHLEG. Sheriff Fatheree further states that Plaintiff was terminated for legitimate, non-discriminatory reasons related to his numerous improper self-searches. All other allegations or inferences contained in Paragraph 142 of Plaintiff's Amended Complaint are denied.

143.    With regard to the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint, Sheriff Fatheree states upon information and belief that Plaintiff's union representatives made statements on Plaintiff's behalf that were unsupported by any documents and inconsistent with the disciplinary investigation conducted.  All other allegations or inferences contained in Paragraph 143 of Plaintiff's Amended Complaint are denied.

144.    Sheriff Fatheree denies the allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint.

145.    Sheriff Fatheree denies the allegations contained in Paragraph 145 of Plaintiff's First Amended Complaint.

146.    Sheriff Fatheree denies the allegations contained in Paragraph 146 of Plaintiff's First Amended Complaint.

147.    Sheriff Fatheree denies the allegations contained in Paragraph 147 of Plaintiff's First Amended Complaint.

148.    Sheriff Fatheree denies the allegations contained in Paragraph 148 of Plaintiff's First Amended Complaint.

149.    Sheriff Fathered denies the allegations contained in Paragraph 149 of Plaintiff's First Amended Complaint.

150.    Sheriff Fatheree denies the allegations contained in Paragraph 150 of Plaintiff's First Amended Complaint.

151.    Sheriff Fatheree denies the allegations contained in Paragraph 151 of Plaintiff's First Amended Complaint.

152.    With regard to the allegations contained in Paragraph 152 of Plaintiff's First Amended Complaint, insofar as the allegations appear to quote a document(s), Sheriff Fatheree states that the document speaks for itself.  Sheriff Fatheree denies any remaining allegations or inferences contained in Paragraph 152 of Plaintiff's Amended Complaint.

153.    With regard to the allegations contained in Paragraph 153 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that the Ohio Attorney General briefly revoked the SCSO's OHLEG privileges, requiring SCSO deputies to recertify. All other allegations and inferences contained in Paragraph 153 of Plaintiff's First Amended Complaint are denied.

154.     Sheriff Fatheree denies the allegations contained in Paragraph 154 of Plaintiff's First Amended Complaint.

155.     Sheriff Fatheree denies the allegations contained in Paragraph 155 of Plaintiff's First Amended Complaint.

156.     Sheriff Fatheree denies the allegations contained in Paragraph 156 of Plaintiff's Amended Complaint.

157.     Sheriff Fatheree denies the allegations contained in Paragraph 157 of Plaintiff's First Amended Complaint. Sheriff Fatheree states affirmatively that the Summit County Sheriff's Office has terminated a Caucasian member for violations of OHLEG and that Plaintiff was terminated for legitimate non-discriminatory reasons.

158.     Sheriff Fatheree denies the allegations contained in Paragraph 158 of Plaintiff's First Amended Complaint.

159.     With regard to the allegations contained in Paragraph 159 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Judge Rowlands dismissed the remaining charges pending against Plaintiff at the request of the Summit County Prosecutor.  All other allegations and inferences contained in Paragraph 159 of Plaintiff's Amended Complaint are denied.

160.     Sheriff Fatheree incorporates as though fully rewritten herein each of the foregoing admissions and denials.

161.     Sheriff Fatheree denies the allegations contained in Paragraph 161 of Plaintiff's First Amended Complaint.

162.     Sheriff Fatheree denies the allegations contained in Paragraph 162 of Plaintiff's First Amended Complaint.

163.     Sheriff Fatheree denies the allegations contained in Paragraph 163 of Plaintiff's First Amended Complaint.

164.     Sheriff Fatheree denies the allegations contained in Paragraph 164 of Plaintiff's First Amended Complaint.

165.     Sheriff Fatheree denies the allegations contained in Paragraph 165 of Plaintiff's First Amended Complaint.

166.     Sheriff Fatheree denies the allegations contained in Paragraph 166 of Plaintiff's First Amended Complaint.

167.     With regard to the allegations contained in Paragraph 167 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that the sexual assault related charges against Plaintiff were dismissed or resolved in a jury trial and is without information or knowledge regarding the remaining allegations contained in Paragraph 167 of Plaintiff's First Amended Complaint and therefore denies the same.

168.     Sheriff Fatheree denies the allegations contained in Paragraph 168 of Plaintiff's First Amended Complaint.

169.     Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 169 of Plaintiff's First Amended Complaint and therefore denies the same. Sheriff Fatheree denies that Plaintiff is entitled to the relief requested in his Prayer for Relief as set forth in Paragraph 169 of Plaintiff's First Amended Complaint.

170.     Sheriff Fatheree incorporates as though fully rewritten herein each of the foregoing admissions and denials.

171.     Sheriff Fatheree is without knowledge or information regarding the allegations contained in Paragraph 171 of Plaintiff's First Amended Complaint and therefore denies the same.

172.     Sheriff Fatheree is without knowledge or information regarding the allegations contained in Paragraph 172 of Plaintiff's First Amended Complaint and therefore denies the same.

173.     Sheriff Fatheree is without knowledge or information regarding the allegations contained in Paragraph 173 of Plaintiff's First Amended Complaint and therefore denies the same.

174.     Sheriff Fatheree is without knowledge or information regarding the allegations contained in Paragraph 174 of Plaintiff's First Amended Complaint and therefore denies the same.

175.     Sheriff Fatheree is without knowledge or information regarding the allegations contained in Paragraph 175 of Plaintiff's First Amended Complaint and therefore denies the same.

176.     Sheriff Fatheree incorporates as though fully rewritten herein each of the foregoing admissions and denials.

177.     Sheriff Fatheree denies the allegations contained in Paragraph 177 of Plaintiff's First Amended Complaint and states affirmatively that Plaintiff was formerly employed by Summit County.  Sheriff Fatheree further states affirmatively that Plaintiff has not and cannot state a claim pursuant to R.C. §4112.01(A)(2) as a matter of law.

178.     With regard to the allegations contained in Paragraph 178 of Plaintiff's First Amended Complaint, Sheriff Fatheree admits that Plaintiff was employed by Summit County as a deputy sheriff in the Summit County Sheriff's Office but denies that Plaintiff has or can state a valid claim pursuant to R.C. §4112.01(A)(2).  All other allegations or inferences contained in Paragraph 178 of Plaintiff's First Amended Complaint are denied.

179.     Sheriff Fatheree admits the allegations contained in Paragraph 179 of Plaintiff's First Amended Complaint.

180.     Sheriff Fatheree denies the allegations contained in Paragraph 180 of Plaintiff's First Amended Complaint.  Sheriff Fatheree states affirmatively that the Ninth District Court of

Appeals concluded that Plaintiff was not treated differently based upon race and that Plaintiff has not and cannot state a claim pursuant to R.C. §4112.02(A). Attached as Exhibit E is a copy of the Ninth District Court of Appeals January 26, 2022, Order.

181.    Sheriff Fatheree denies the allegations contained in Paragraph 181 of Plaintiff's First Amended Complaint.

182.    Sheriff Fatheree denies the allegations contained in Paragraph 182 of Plaintiff's First Amended Complaint.

183.    Sheriff Fatheree denies the allegations contained in Paragraph 183 of Plaintiff's First Amended Complaint.

184.    Sheriff Fatheree denies the allegations contained in Paragraph 184 of Plaintiff's First Amended Complaint.  Sheriff Fatheree states affirmatively that the Ninth District Court of Appeals concluded that the Ohio Attorney General is responsible for requesting an investigation of Plaintiff's OHLEG violations and that the Ninth District Court of Appeals conclusively determined that Plaintiff was not treated differently on the basis of race.

185.    Sheriff Fatheree denies the allegations contained in Paragraph 185 of Plaintiff's First Amended Complaint.

186.    Sheriff Fatheree denies the allegations contained in Paragraph 186 of Plaintiff's First Amended Complaint.

187.    Sheriff Fatheree denies the allegations contained in Paragraph 187 of Plaintiff's First Amended Complaint.

188.    Sheriff Fatheree denies the allegations contained in Paragraph 188 of Plaintiff's First Amended Complaint.  Sheriff Fatheree denies that Plaintiff is entitled to the relief requested in the Prayer for Relief set forth in Paragraph 188 of Plaintiff's First Amended Complaint.

189.    Sheriff Fatheree incorporates as though fully rewritten herein each of the foregoing admissions and denials.

190.    Sheriff Fatheree denies the allegations contained in Paragraph 190 of Plaintiff's First Amended Complaint.

191.    Sheriff Fatheree denies the allegations contained in Paragraph 191 of Plaintiff's First Amended Complaint.

192.    Sheriff Fatheree denies the allegations contained in Paragraph 192 of Plaintiff's First Amended Complaint.

193.    Sheriff Fatheree denies the allegations contained in Paragraph 193 of Plaintiff's First Amended Complaint.  Sheriff Fatheree further denies that Plaintiff is entitled to the relief requested in his Prayer for Relief set forth in Paragraph 193 of Plaintiff's First Amended Complaint.

194.    Sheriff Fatheree incorporates as though fully rewritten herein each of the foregoing admissions and denials.

195.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 195 of Plaintiff's First Amended Complaint and therefore denies the same.

196.    Sheriff Fatheree is without information or knowledge regarding the allegations contained in Paragraph 196 of Plaintiff's First Amended Complaint and therefore denies the same.

197.    All other allegations and inferences contained in Plaintiff's First Amended Complaint not herein admitted, including but not limited to, the allegations and inferences contained in the unnumbered headings in Plaintiff's First Amended Complaint, are denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2.      Sheriff Fatheree is entitled to all absolute, qualified, statutory, or common law immunities or privileges granted by Ohio Revised Code Chapter 2744 and Ohio common law, including immunity granted to Sheriff Fatheree by Ohio Revised Code 2744.02(A)(1).

3.      Sheriff Fatheree is entitled to all other absolute and qualified immunities available under federal law and/or state law or both.

4.      Insofar as Plaintiff's claims are barred by the applicable statutes of limitations, Plaintiff's claims must be dismissed.

5.      Insofar as Plaintiff failed to name his employer as a party in this matter, Plaintiff's claims should be dismissed.

6.      Insofar as Sheriff Fatheree is not Plaintiff's employer pursuant to R.C. 4112, and therefore not the real party in interest, Plaintiff's R.C. 4112 claims must be dismissed.

7.      Insofar as Plaintiff's allegations and claims are asserted against the Summit County Sheriff's Office and the Summit County Sheriff's Office is not *sui juris,* Plaintiff's claims should be dismissed.

8.      Insofar as Plaintiff's claims and damages may be limited or barred by the common law defenses of contributory negligence, comparative negligence, assumption of risk and lack of direct and proximate cause, Plaintiff's claims must be dismissed.

9.      Insofar as Plaintiff's claims and damages may be barred by any statutory or common law defenses on compensatory damages, including set-off, collateral source, contribution, and indemnity Plaintiff's claims must be dismissed or limited accordingly.

10.    Plaintiff's claims and damages may be limited or barred, in whole or in part, on account of his own criminal, illegal, and reckless conduct, including the statutory bar to recovery and the statutory limitations imposed by Ohio Revised Code 2307.60.

11.    Insofar as Plaintiff's employment related damages are governed by a collective bargaining agreement and must be pursued in accordance with the terms of the agreement, Plaintiff's claim for damages must be dismissed.

12.    Insofar as Plaintiff's claims and damages may be limited or barred for failure to join all necessary, proper and indispensable parties, Plaintiff's claims must be dismissed.

13.    Insofar as Plaintiff was terminated for legitimate, non-discriminatory reasons, Plaintiff's claims must be dismissed.

14.    Insofar as Plaintiff was treated the same as similarly-situated, non-African American employees, Plaintiff's claims must be dismissed.

15.    Insofar as the Sheriff's actions were based on a honest belief, were in good faith, privileged and in accordance with law, Plaintiff's claims must be dismissed.

16.    Insofar as Plaintiff's claims and damages may be limited or barred by any statutory or common law defenses or limitations governing joint and several liability, including the statutory defenses set forth in Ohio Revised Code §§ 2307.22 and 2307.23, Plaintiff's claims must be dismissed.

17.    Insofar as Plaintiff's request for attorneys' fees and costs may be limited or barred by the limitations on attorney fee awards under 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, and Ohio law, Plaintiff's request for damages must be limited accordingly.

18.     Insofar as Plaintiff's claims may be barred by the doctrines of judicial estoppel, issue/claim preclusion, collateral estoppel, laches, and *res judicata*, Plaintiff's claims must be dismissed.

19.     Insofar as Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands and laches, Plaintiff's claims must be dismissed.

20.     Insofar as Plaintiff has failed to mitigate his claimed damages, Plaintiff's damage claims should be limited accordingly.

21.     Insofar as Plaintiff cannot state a claim for race discrimination or retaliation, Plaintiff's claim for aiding and abetting also fails and must be dismissed.

22.     Sheriff Fatheree reserves the right to amend this Answer to add additional affirmative defenses deemed applicable upon further discovery herein.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's First Amended Complaint be judged according to the law and the evidence and that the same be dismissed with prejudice.

Respectfully submitted,

*/s/ Aretta K. Bernard*

Aretta K. Bernard (39116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Telephone:  330.376.4577

ATTORNEYS FOR DEFENDANT
SHERIFF KANDY FATHEREE

## JURY DEMAND

Should a trial be needed in this matter, Defendant Sheriff Fatheree requests a trial by jury.

Respectfully submitted,

*/s/ Aretta K. Bernard*
Aretta K. Bernard (39116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Telephone:  330.376.4577

ATTORNEYS FOR DEFENDANT
SHERIFF KANDY FATHEREE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on August 4, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Aretta K. Bernard*
One of the Attorneys for Defendant Sheriff
Kandy Fatheree

20201621 _1  102116.0007