UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WILLIAMSON, | ) | CASE NO: 5:21-cv-565 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| SHERIFF KANDY FATHEREE, et al., | ) | |
| | ) | (Resolves Doc. 40) |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant Sheriff Kandy Fatheree's motion for judgment on the pleadings. Doc. 40. Plaintiff Antonio Williamson has opposed the motion, and Fatheree has replied in support. The Court now resolves the parties' arguments.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

1. Background

Williamson filed his complaint against Fatheree in her official capacity, the former sheriff, the city of Akron, and numerous individual officers. The complaint stems from allegations related to Williamson's former employment as a lieutenant in the Summit County Sheriff's office. While

working as an officer, Williamson was indicted on charges of rape, kidnapping, sexual battery, and sexual imposition. While those charges were pending, further investigation revealed that Williamson had searched for his own name in the Ohio Law Enforcement Gateway ("OHLEG"). As a result, an additional 10 counts of criminal misuse of OHLEG were added to the charges against Williamson.

### 2. Status as Employer

Fatheree first contends that Williamson's cannot sue her in her official capacity as the Summit County Sheriff under Ohio Revised Code § 4112.02. Specifically, Fatheree contends that as an individual defendant, she cannot meet the statutory definition of employer. Fatheree goes on to argue that specifically under § 4112.02, the Court should ignore that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Fatheree claims that this maxim applies on § 1983 claims and should not apply to Williamson's claim under Ohio law. However, Ohio law also routinely applies this maxim. *See, e.g., Cool v. Brown-Clark*, 2020-Ohio-6968, ¶ 22, 165 N.E.3d 734, 740 (citations omitted) ("It is well settled law that an action against a government official in his or her official capacity is not an action against the official, but, instead, is one against the official's office and, thus, is treated as an action against the entity itself."). Accordingly, this argument provides no basis to dismiss the complaint.[1]

---

[1] The Court notes that even if this were a valid basis, it would allow amendment of the complaint to formally name Summit County as the defendant. As the County has clearly had notice of this suit from the outset, no prejudice would flow from such an amendment.

3. Timeliness of Claims

Fatheree next contends that Williamson's wrongful termination and retaliation claims are time barred. Williamson was terminated on April 19, 2018 and filed this suit on March 10, 2021. The parties agree that Ohio law allows for a six-year statute of limitation for both of these claims. As such, the claims are on their face not time barred. Much of Fatheree's argument is focused upon the fact that Williamson appears to rely in his complaint upon events that occurred well outside that six-year window. However, such arguments are more relevant to whether the underlying evidence supporting those events will be properly considered when it evaluates the merits of the claims. The fact that such allegations are contained in the complaint, however, does not impact the underlying fact that the claims themselves were brought well within the six-year statute of limitations.

4. Issue Preclusion

Fatheree next argues that Williamson's claim of race discrimination related to his termination is barred by issue preclusion. Specifically, Fatheree contends that certain findings made by the state court in an appeal from the dismissal of criminal charges against Williamson preclude his claim.

Under Ohio law, "[i]ssue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffmann–LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997) (citation and internal quotations omitted). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). Fatheree does not, and indeed cannot,

allege that the criminal matter necessarily litigated the underlying basis of Williamson's termination. As such, issue preclusion cannot serve to dismiss his claim for race discrimination. With that said, the Court notes that there are strong arguments that certain facts were established in the state court proceedings that will not be subject to dispute in this litigation. Those facts, however, do not warrant a full dismissal of the race discrimination claim at this stage of the proceedings.

### 5. Retaliation under R.C. § 4112.02(I)

Finally, Fatheree contends that Williamson's cause of action of § 4112.02(I) falls short of alleging a proper cause of action against her. Williamson offered no opposition to the arguments set forth by Fatheree and effectively abandoned this claim. Accordingly, the § 4112.02(I) claim against Fatheree is hereby dismissed.

### 6. Conclusion

For the foregoing reasons, Fatheree's motion for judgment on the pleadings is GRANTED IN PART AND DENIED IN PART. This matter is hereby scheduled for a telephone conference for counsel for all remaining parties on April 30, 2024 at 2:00 p.m. No later than April 26, 2024, the parties shall file an updated report of parties' planning meeting with dates to move this matter forward to motion practice.

IT IS SO ORDERED.

April 22, 2024  
Date

*/s/ Judge John R. Adams*  
JUDGE JOHN R. ADAMS  
UNITED STATES DISTRICT COURT